# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GARY DALE BARGER,

              Plaintiff,

    v.

CALIFORNIA STATE PRISON,
CORCORAN, et al.,

              Defendants.

_____/

CASE No. 1:12-cv-01872-MJS     (PC)

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN
THIRTY DAYS

**FIRST SCREENING ORDER**

**I.**    **PROCEDURAL HISTORY**

        Plaintiff Gary Dale Barger is a state prisoner proceeding pro se in this civil rights action filed on November 15, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

///////

-1-

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF COMPLAINT

Plaintiff's Complaint is rambling and difficult to follow. He appears to claim that Defendants, Corcoran State Prison ("CSP") staff against whom he has pending "cv's"[1] for alleged federal rights violations, confiscated his property, including legal and national security documents, and attacked him and then falsely accused him in the attack. As a

---

[1] It is unclear, but this term may refer to a civil rights complaint.

result, he was placed in solitary confinement and improperly classified and programmed for mental health issues and denied treatment and outdoor exercise, violating his federal rights. (Compl. at 3-4, 5-8.) Plaintiff alleges as follows:

### A.   Cell Search and Property Confiscation

Defendants Correctional Officer Castro and Sergeant Henderson confiscated his property on May 23, 2012. (Id. at 1-3.)

Two unnamed officers searched his cell and confiscated his property on "September 12 or October 12." (Id. at 3.)

Defendants Correctional Officer Magadellan[2] and Sergeant Henderson, on "November 7", searched his cell and confiscated his property consisting of "military, legal, confidential documents and two legal law books." (Id.)

### B.   Excessive Force and Solitary Confinement

Plaintiff confronted Defendants Magadellan and Henderson regarding the foregoing, calling them "Traitors". (Id. at 4.) Defendants Magadellan and Henderson then attacked him, but blamed him in the attack causing Plaintiff to be placed in solitary confinement, and his "very sensitive . . . national security" documents to be confiscated. (Id. at 4.)

### C.   Mental Health Classification and Treatment

Plaintiff attaches to his Complaint an apparent separate pleading (Id. at 5-9) alleging improper mental health care downgrade to outpatient (Id. at 6) and insufficient mental health treatment. (Id. at 7.)

---

[2] Variously Magodellen. (Compl. at 3.)

Defendant Henderson and Chief Psychologist Ferguson[3] allowed for outdoor exercise and access to "computer generated material" that was insufficient. (Id. at 7-8.)

Plaintiff names as Defendants (1) CSP, (2) the California Department of Corrections and Rehabilitation ("CDCR"), (3) Correctional Officer Magadellan, (4) Sergeant Henderson, (5) Property Officer Miranda, (6) Correctional Officer Soto, (7) Correctional Officer Castro, and (8) Correctional Officer Bartz. (Id. at 1, 5.)

Plaintiff seeks monetary compensation and return of confiscated property. (Id. at 4.)

**IV.    ANALYSIS**

   **A.    Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

---

   [3] Variously Fergason. (Compl. at 7.)

claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Every pleading must be signed personally by an unrepresented party. Fed. R. Civ. P. 11(a).

If Plaintiff chooses to amend, any amended pleading should be complete within itself, without reference to or attachment of another pleading. Local Rule 220. Any amended pleading must be signed personally by Plaintiff.

## B.   Eleventh Amendment Immunity

Plaintiff may not bring suit against the CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff may not by this action seek relief against the CDCR by purporting to name CSP.

## C.   Unnamed Defendants

Plaintiff makes allegations against unnamed officers, but fails to name any Doe Defendants. He also attributes liability to Chief Psychologist Ferguson, who is not clearly named and listed as a Defendant.

Plaintiff may not bring suit against unnamed defendants. Fed. R. Civ. P. 8(a).

"[A]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, "[i]t is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to a plaintiff. Although the use of Doe defendants is acceptable to withstand

-5-

dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010). The burden is on the plaintiff to promptly discover the full names of Doe defendants. Robinett, 2010 WL 2867696 at *4.

In any amended pleading, Plaintiff must identify the individual(s) against whom he seeks relief, or name Doe defendant(s) pending discovery of the individual name(s), and allege facts sufficient to support a finding that each named Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

### D.    Unrelated Claims against Different Defendants

"Fed. R. Civ. P. 18(a) [states that]: A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

Plaintiff alleges claims which appear unrelated in violation of Rule 18(a). He alleges claims arising from cell search and property confiscation, and seemingly distinct claims relating to his mental health classification and treatment.

The Court will review and discuss all claims it believes Plaintiff might intend to assert and the law applicable thereto so that Plaintiff might evaluate which, if any, may be and should be pursued here and which, if any, may be and should be pursued in different action(s).

Plaintiff must file a separate complaint for each unrelated claim against different defendants. If he does not, all unrelated claims will be subject to dismissal.

### E.   Personal Participation

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49. Defendants can not be held liable under § 1983 solely because of their supervisory capacity.

1   Plaintiff fails to alleges facts linking any purported Defendants other than

2   Magadellan, Henderson, Castro, and Ferguson.

3   In any amended pleading, Plaintiff must allege facts sufficient to support a finding

4   that each Defendant personally violated, or knowingly directed a violation of, or knew of

5   and failed to act to prevent a violation of, or was deliberately indifferent to an excessive

6

7   risk of violation of, his constitutional rights.

8   **F.   Exhaustion of Administrative Remedies**

9   Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought

10  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

11  a prisoner confined in any jail, prison, or other correctional facility until such

12

13  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

14  Exhaustion of administrative remedies is required regardless of the relief sought by the

15  prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so

16  "a prisoner must complete the administrative review process in accordance with the

17  applicable rules, including deadlines, as a precondition to bringing suit in federal court."

18  Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008), quoting Woodford v. Ngo, 548

19

20  U.S. 81 (2006).

21  If Plaintiff chooses to amend, he should allege facts showing he exhausted each

22  level of prison appeal as to all named Defendants or that he was excepted from such

23  exhaustion requirements.[4]

24  ///////

25

26  [4] See e.g., Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has
    been recognized where a prison official renders administrative remedies effectively unavailable.)
27

### G.   First Amendment Retaliation

Plaintiff alleges Defendants engaged in the above conduct in retaliation for his protected First Amendment activity.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct,[5] and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and that defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt, 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id., quoting Sorrano's Gasco, Inc., 874 F.2d at 1314. Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.

---

[5] Accessing the court for civil rights purposes, and filing prison grievances are activities protected by the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements.)

A plaintiff must also show defendant's actions would be sufficient to chill or silence a person of ordinary firmness from future First Amendment activities, Rhodes, 408 F.3d at 568–69, citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999), and did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. Rizzo, 778 F.2d at 532.

Plaintiff's claim that Defendants took the above adverse actions after he filed his "cv's" does not allege facts sufficient to claim retaliation under the above standards. He fails to allege facts suggesting Defendants' conduct was motivated by protected activity. His reference to "cv's" is unclear and does not reflect activity protected by the First Amendment or that Defendants were aware of such protected activity and took adverse actions in retaliation for it.

Additionally, Plaintiff fails to allege facts suggesting that Defendants' conduct was undertaken unreasonably and not in pursuit of legitimate correctional goals and applicable regulations. "To prevail on a retaliation claim, a prisoner must show that the challenged action did not reasonably advance a legitimate correctional goal." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), citing Rhodes, 408 F.3d at 568. Nothing before the Court suggests the alleged adverse actions did not advance correctional goals. Brodheim, 584 F.3d at 1271.

In any amended pleading, Plaintiff must allege all the above elements as to each named Defendant.

### H.   Eighth Amendment Excessive Force and Indifference

-10-

1  Plaintiff alleges that Defendants Magadellan and Henderson attacked him, and

2  that Defendant Henderson and Chief Psychologist Ferguson provided inappropriate

3  mental health treatment.

4          1.    Excessive Force

5  The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

6  prisoners from the use of excessive physical force. Wilkins v. Gaddy,——U.S. ——,

7  ——, 130 S.Ct. 1175, 1178, (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). The

8  analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying

9  the specific constitutional right allegedly infringed by the challenged application of force."

10 Graham, 490 U.S. at 394. The Eighth Amendment's prohibition on cruel and unusual

11 punishments applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475

12 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that

13 the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez,

14 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause

15 harm always violates contemporary standards of decency, regardless of whether or not

16 significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d

17 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de

18 minimis uses of force, not de minimis injuries.) However, not "every malevolent touch by

19 a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The

20 Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

21 from constitutional recognition de minimis uses of physical force, provided that the use

22 of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

23 Whether force used by prison officials was excessive is determined by inquiring if

-11-

the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury.)

Plaintiff fails to allege facts sufficient for the Court to analyze his excessive force claim under the above standards. He does not allege the facts leading up to the alleged application of force, when and where it occurred, the reasons given for it, why Plaintiff believes the reasons were other than those given, the nature, amount and duration of force applied, and the extent of any injury inflicted. See Ali v. Kasprenski, 732 F.Supp.2d 439, 447, (D. Del. 2010) (finding de minimis force where no injury caused); see also Manier v. Cook, 394 F.Supp.2d 1282, 1288 (E.D. Wash. 2005), citing Whitley, 475 U.S. at 322 ("[A]n allegation of cruel and unusual punishment should proceed to trial only if the evidence supports a reliable inference that prison official intended to inflict pain.")

In any amended pleading, Plaintiff must allege all the above elements as to each named Defendant.

      2.    Mental Health Treatment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner,

439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106

(1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a

serious medical need' by demonstrating that 'failure to treat a prisoner's condition could

result in further significant injury or the unnecessary and wanton infliction of pain,'" and

(2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at

1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

This principle extends to an inmate's mental health care needs. Smith v. Jenkins,

919 F.2d 90, 92–93 (8th Cir. 1990). Deliberate indifference by prison personnel to an

inmate's serious mental health care needs violates the inmate's Eighth Amendment right

to be free from cruel and unusual punishment. Id.

Deliberate indifference is shown by "a purposeful act or failure to respond to a

prisoner's pain or possible medical need, and harm caused by the indifference." Jett,

439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for

violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a

claim that the named defendants "[knew] of and disregard[ed] an excessive risk to

[plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980),

citing Estelle, 429 U.S. at 105–06. A complaint that a physician has been negligent in

diagnosing or treating a medical condition does not state a valid claim of medical

mistreatment under the Eighth Amendment. Even gross negligence is insufficient to

establish deliberate indifference to serious medical needs. See Wood v. Housewright,

900 F.2d 1332, 1334 (9th Cir. 1990).

-13-

1
2
3
4
5
6
7
8

"[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." <u>See</u> <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

9
10
11
12
13
14

Plaintiff does not allege sufficient facts upon which the Court could find a mental health condition sufficiently serious to satisfy the first element of a deliberate indifference claim. The facts before the Court do not suggest a mental health diagnosis or any obvious mental condition requiring treatment. He alleges no facts plausibly suggesting a risk of significant injury, pain, or impact on his daily prison activities.

15
16
17
18
19
20
21
22
23

There being no allegation of a serious mental health need, the pleading will not support a claim that Defendants were deliberately indifferent to Plaintiff's mental health needs or acted in any medically unacceptable manner. Indeed, the Complaint suggests the opposite; that Plaintiff was provided ongoing outpatient mental health care. <u>See</u> <u>King v. Frank</u>, 371 F.Supp.2d 977, 985 (W.D. Wis. 2005) (no deliberate indifference where undisputed that plaintiff received regular mental health treatment.) The Eighth Amendment does not require that prisoners receive "unqualified access to health care." <u>Hudson</u>, 503 U.S. at 9.

24
25
26
27

If Plaintiff chooses to amend, he must set forth sufficient facts showing (1) a serious mental health need, and (2) a deliberately indifferent response to that need on the part of each Defendant causing harm.

-14-

3.    Outdoor Exercise

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer, 511 U.S. at 832. Prison officials must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199–200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834, citing Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the prison official possesses a sufficiently culpable state of mind. Id., citing Wilson, 501 U.S. at 297.

Plaintiff alleges Defendant Henderson did not allow "10 hours a week of yard exercise time." (Compl. at 7.) Denial of outdoor exercise can in some circumstances amount to a serious deprivation. See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (prolonged, twenty-four hour per day isolation in a cell without access to exercise can amount to a sufficiently serious deprivation); see also Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000) (denial of all exercise lasting six-and-one-half weeks sufficient to invoke Eighth Amendment protection); Allen v. Sakai, 48 F.3d 1082, 10–86–87 (9th Cir. 1994) (permitting inmates only 45 minutes of outdoor exercise per week over a six week period was sufficient to meet the objective element of an Eighth Amendment claim.)

However, the circumstances, nature, and duration of such deprivation must be considered in determining whether a constitutional violation has occurred. Johnson v.

Lewis, 217 F.3d 726, 731 (9th Cir. 2000). The Complaint does not contain sufficient factual detail for the Court to determine whether any deprivation experienced by Plaintiff is sufficiently serious to satisfy the first element of his Eighth Amendment claim. Significantly, Plaintiff does not explain how much exercise time he received, only that he did not receive 10 hour per week. A temporary denial of outdoor exercise may be permissible. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

Plaintiff must also allege the deprivation was with deliberate indifference. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057, quoting Farmer, 511 U.S. at 837. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

If Plaintiff chooses to amend, he must set forth sufficient facts demonstrating the above noted elements against each Defendant.

**I.     Fourteenth Amendment Due Process**

Plaintiff alleges that Defendants' violated his federal rights by confiscating his property and placing him in solitary confinement.

1.     Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730

-16-

(9th Cir. 1974).

An authorized,[6] intentional deprivation of property may be actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984), citing Logan, 455 U.S. at 435–36; see also Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). Authorized deprivations of property are not actionable if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available". Hudson, 468 U.S. at 533. There is an adequate post-deprivation remedy under California law and therefore, an attempt to pursue a claim under federal law for the negligent or unauthorized deprivation of property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994), citing Cal. Gov't Code §§ 810–895.

Plaintiff's allegations are conclusory and lack the factual specificity necessary for the Court to apply the above standards. Significantly, he fails to allege facts suggesting the absence of a penological purpose in confiscating his property.

If Plaintiff chooses to amend, he must set forth sufficient facts claiming an

---

[6] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982); Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

-17-

authorized confiscation not reasonably related to a legitimate penological interest, or a valid state tort claim relating to an unauthorized or negligent deprivation subject to supplemental jurisdiction.

### 2.   Conditions of Confinement

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff, 418 U.S. 539, 556. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Plaintiff fails to identify any liberty interest or allege other facts sufficient under the above standard to suggest he was deprived of a constitutionally protected interest without procedural due process. Nothing before the Court suggests he was deprived of any process due in relation to confinement.

An inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's classification decisions.) "There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." Merriweather v. Reynolds, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

Plaintiff fails to allege facts suggesting atypical and significant hardship in relation to his solitary confinement. He has not alleged the circumstances under which he was housed in solitary, the duration and degree of restraint, any applicable chrono's, and how, if at all, this affected his sentence. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221–22 (2005).

Plaintiff has no liberty interest in avoiding solitary confinement. See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU.)

If Plaintiff chooses to amend, he must set forth sufficient facts demonstrating the above noted elements against each Defendant.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

///////

-20-

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

complaint form and (2) a copy of his Complaint, filed November 15, 2012,

2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which

relief may be granted,

3.    Plaintiff shall file an amended complaint within thirty (30) days from service

of this order, and

4.    If Plaintiff fails to file an amended complaint in compliance with this order,

this action shall be dismissed, with prejudice, for failure to state a claim

and failure to prosecute, subject to the "three strikes" provision set forth in

28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    December 18, 2012        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

-21-