UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON, CORCORAN, et al.,<br><br>    Defendants.<br>_____/ | CASE No. 1:12-cv-01872-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION DISMISSING ACTION AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

I.  **PROCEDURAL HISTORY**

Plaintiff Gary Dale Barger, a state prisoner proceeding pro se, filed this civil rights action on November 15, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff's Complaint was dismissed on December 19, 2012, for failure to state a claim, but he was given leave to file and amended complaint. (Order Dismiss. Compl., ECF No. 4.) Plaintiff filed a First Amended Complaint on December 28, 2012. (First Am. Compl., ECF No. 8.) The First Amended Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint is essentially unintelligible. It does not allege an intelligible claim or even suggest the basis for any such claim.

Plaintiff states that his claim arises from:

"[T]he CV in this court. It is the same old issue my mail consults U.S. Senate Judiciary Council, Barbara Boxer and Auntie Diane Feinstein, Patty Murry and

Caroline Kennedy Consult U.S. Senate Military Justice Council, Jay Rockafeller, Carl. Levin, John Kerry Consult U.S. Attorney General Eric Holder Check the latest congressional records Chief Obama clear this King Arthur I King of the U.K."

(First. Am. Compl. at § IV.)

He names as Defendants "the Manson Family employed as Federal Bureau of al Qaeda; Federal Bureau of Investigation; Robert S. Muellar III and his administration; Daniel Webster and his administration; Robert Freeh . . . My lawyers will explain." (Id. at § III.) However, the caption of the First Amended Complaint lists as Defendants Corcoran State Prison ("CSP") Warden Gipson; CSP C.O. Henderson; CSP C.O. Magadellan; CSP C.O. Hicks; CSP C.O. Feilds; CSP C.O. Vioula; and CSP C.O. Garcia.

He seeks "00 999 zillion #9's * treason" as relief in this action. (Id. at § V.)

## IV.  ANALYSIS

### A.  Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. No Cognizable Claim

Plaintiff's First Amended Complaint is frivolous.

A claim is factually frivolous if its allegations are bizarre, irrational or incredible. Edwards v. Snyder 478 F.3d 827, 829–830 (7th Cir.2007). See Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002) (complaint frivolous where facts alleged are delusional and unbelievable); Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is factually frivolous under Section 1915 if it is "clearly baseless"); Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.") If the Plaintiff's action is frivolous, then the Court has the discretion to dismiss where the deficiencies cannot be cured by amendment. Broughton v. Cutter Laboratories 622 F.2d 458, 460 (1980), citing Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979).

Plaintiff's claim appears to arise from consultations with listed public figures about treason and involving King Arthur I, King of the U.K. The allegations are unrelated to facts alleged in the original Complaint. The Court finds the First Amended Complaint to be frivolous and devoid of factual support or arguable question of law. See Neitzke, 490

U.S. at 327–328.

### C. Further Leave to Amend Unwarranted

Plaintiff was given the opportunity to file an amended pleading correcting the deficiencies in his original Complaint. He was advised of the legal prerequisites for stating valid claims. He has failed to do so.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's First Amended Complaint does not suggest the existence of any possible cognizable claim. No useful purpose would be served by once again advising Plaintiff of the requirements for a proper pleading and giving him yet another opportunity to amend.

## V. RECOMMENDATION

Accordingly, the Court RECOMMENDS that Plaintiff's First Amended Complaint be dismissed with prejudice as frivolous and for failure to state a claim upon which relief could be granted, with the Clerk to terminate all pending motions and close the case and the dismissal subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California. Within fourteen (14) days after the date of service of these Findings and Recommendation, any party may file written objections with the Court and serve a copy

on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) days after service of the Objections. The Findings and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   February 1, 2013              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE